IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 19, 2022

## BENJAMIN MCCURRY v. AGNESS MCCURRY

**Appeal from the Circuit Court for Washington County**
**No. 38147     Thomas J. Wright, Senior Judge**

_____

**No. E2022-01278-COA-R3-CV**
_____

Because the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J.; D. MICHAEL SWINEY, C.J.; AND JOHN W. MCCLARTY, J.

Agness McCurry, Johnson City, Tennessee, pro se appellant.

Sandy Phillips, Johnson City, Tennessee, for the appellee, Benjamin McCurry.

### MEMORANDUM OPINION[1]

The appellant, Agness McCurry ("Appellant"), filed a notice of appeal on September 13, 2022, which states that appellant is appealing the September 8, 2022 order of the Circuit Court for Washington County ("the Trial Court"). The appellee, Benjamin McCurry ("Appellee"), filed a motion to dismiss alleging that there is no final judgment from which an appeal as of right would lie. Appellant responded to the motion. By Order entered September 19, 2022, this Court granted appellant up to and including October 19,

_____

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

2022 within which to obtain a final judgment. Our September 19, 2022 Order denied Appellee's motion to dismiss without prejudice to Appellee's ability to re-file the motion if Appellant failed to obtain a final judgment in compliance with our order. By Order entered October 19, 2022, this Court granted Appellant a second extension of time up to and including December 2, 2022 within which to obtain a final judgment.

On November 30, 2022, Appellant filed a document, which asserted that the appeal should not be dismissed as the original trial court judge, Judge Lauderback, had recused himself, and Judge Thomas J. Wright had recently been assigned to hear the case. Appellant asserted that she was in the process of scheduling a hearing before Judge Wright.

On December 1, 2022, Appellee filed a second motion to dismiss for lack of a final judgment and for fees and costs. Appellee provided this Court with an order signed by Judge Wright granting a motion for a stay filed by the Appellant.

Appellant failed to obtain a final judgment in compliance with our October 19, 2022 Order. Furthermore, the proceedings in the Trial Court have been stayed upon motion filed by Appellant. As such, it is unlikely that a final judgment will be entered in the near future.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc*., 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. As this Court lacks jurisdiction to consider this appeal, Appellee's motion for fees and costs is denied. Costs on appeal are taxed to the appellant, Agness McCurry, for which execution may issue.

**PER CURIAM**